Filed 9/29/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH BENTLEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B299678<br>(Super. Ct. No. BA224537)<br>(Los Angeles County) |

Where, as a matter of law, a defendant is not eligible for resentencing pursuant to Penal Code section 1170.95,[1] his petition therefor, may be summarily denied.  Joseph Bentley appeals the trial court's order denying his petition for resentencing.  He contends the trial court erred when it summarily denied the petition without continuing it, so that his counsel could obtain and review the transcript of his original trial.  He contends the same error deprived him of due process and of the effective assistance of counsel.  We affirm the order denying resentencing.

---

[1] All further statutory references are to the Penal Code.

*Facts and Procedural History*

In 2002, a jury convicted appellant of the first degree murder of Alvin Green and the attempted willful, deliberate and premeditated murders of Lenist Johnson, Jason Payne and Devon Brown, all in a gang-related shooting. Appellant and a codefendant confronted members of a rival gang in a shopping center parking lot. The rival gang members quickly left in their car. Appellant and his codefendant chased them. With appellant driving, his co-defendant leaned out of the passenger side window and fired 25 to 30 shots at the victims' car. One of the bullets struck Green in the neck, killing him. The jury also found true a special circumstance allegation that the murder "was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person . . . with the intent to inflict death." (§190.2, subd. (a)(21).) We affirmed the conviction in an nonpublished opinion, *People v. Bentley* (Jan. 21, 2004, B163959).

In 2019, after Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted, appellant filed a petition for resentencing. The trial court appointed counsel to represent him and set a briefing and hearing schedule. The prosecutor opposed the motion contending, that appellant was not eligible for resentencing. Appellant's counsel requested an extension of time in which to reply to the opposition, and a continuance of the hearing because he could not get a copy of appellant's trial transcript before the hearing date. The trial court denied both requests. It then denied appellant's petition and concluded that he was not eligible for resentencing.

2

*Continuance*

The trial court has broad discretion to determine whether good cause exists to continue a hearing date. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037.) "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.)

"In determining whether a denial was so arbitrary as to deny due process, the appellate court looks to the circumstances of each case and to the reasons presented for the request. [Citations.] One factor to consider is whether a continuance would be useful. [Citation.]" (*People v. Frye* (1998) 18 Cal.4th 894, 1013, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421 (*Doolin*).)

The trial court did not abuse its discretion here because neither an extension of time nor a continuance would have been useful to appellant. As a matter of law, appellant is not eligible for resentencing under section 1170.95 because he was not convicted of felony murder or murder pursuant to a natural and probable consequences theory.

*Summary Denial*

Section 1170.95, subdivision (a) allows a "person convicted of felony murder or murder under a natural and probable consequences theory" to have his or her "murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: (1) A complaint, information, or indictment was filed against the petitioner that allowed the

3

prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . .  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Amendments to sections 188 and 189 were enacted simultaneously with section 1170.95.  The amendments to section 188 require that a principal act with express or implied malice.  Amendments to section 189 change the definitions of first and second degree murder.  Section 189, subdivision (a) now provides, "All . . . murder that is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Subdivision (e) of section 189 provides, "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  (1) The person was the actual killer.  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Here, the jury at appellant's trial expressly found true the special circumstance allegation that Alvin Green's murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle with the intent to inflict death.  Appellant drove the motor vehicle from which the firearm was discharged.

He decided to chase the victims' car as it drove away, which allowed his codefendant to fire the fatal shot from the passenger seat. When the jury found the special circumstance allegation true with regard to appellant, it found that he aided and abetted the shooter "with the intent to kill . . . ." (§190.2, subd. (c).) This satisfies the mandate of section 189, subdivision (e)(2). Appellant could properly be convicted of first degree murder even pursuant to the recent amendments to sections 188 and 189. (§1170.95, subd. (a)(3).)

### Conclusion

We conclude that any error in not granting a continuance was harmless because this ruling did not, and could not, prejudice appellant. (*Doolin, supra*, 45 Cal.4th at p. 450.) And, no deprivation of the right to the effective assistance of counsel is here present.

Appellant made a choice in 2002 to engage in a vehicular pursuit of rival gang members. This allowed his codefendant to shoot at the fleeing rival gang members. The jury expressly found that he did so with the intent to kill. The Legislature did not intend that appellant should have lenity. Appellant is fortunate that the codefendant was a poor shot. Had he killed one other gang rival, appellant could have been facing the death penalty.

### Disposition

The judgment (order denying section1170.90 petition for resentencing) is affirmed.

CERTIFIED FOR PUBLICATION.


                                            YEGAN, J.


We concur:


        GILBERT, P. J.


        PERREN, J.


                            6

Mildred Escobedo, Judge

Superior Court County of Los Angeles

_____

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chalres S. Lee, Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.